OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Whitten, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Rockey, Appellee and Cross-Appellant, v. 84 Lumber Company, Appellant and Cross-Appellee.

Walsh et al., Appellees, v. Jagadeesan, Appellant.

Copes et al., Appellees, v. Good Samaritan Hospital et al., Appellants.

[Cite as Rockey v. 84 Lumber Co. (1993),    Ohio St.3d    .]

Pleadings -- R.C. 2309.01 is in conflict with Civ.R. 8(A) and is invalid and of no force and effect -- Ohio Rules of Civil Procedure control over subsequently enacted inconsistent statutes purporting to govern procedural matters.

1.  R.C. 2309.01 is in conflict with Civ.R. 8(A) and is invalid and of no force and effect.

2.  The Ohio Rules of Civil Procedure, which were promulgated by the Supreme Court pursuant to Section 5(B), Article IV of the Ohio Constitution, must control over subsequently enacted inconsistent statutes purporting to govern procedural matters.

(Nos. 91-2001, 91-2335 and 92-248 -- Submitted February 2, 1993 -- Decided April 21, 1993.)

Appeal and Cross-Appeal from the Court of Appeals for Cuyahoga County, Nos. 58610 and 58654.

Appeal from the Court of Appeals for Stark County, No. CA-8407.

Appeal from the Court of Appeals for Montgomery County, No. CA 12726.

Case No. 91-2001

On November 28, 1988, plaintiff-appellee and cross-appellant, Mildred C. Rockey, commenced a personal injury action in the Court of Common Pleas of Cuyahoga County against defendant-appellant and cross-appellee, 84 Lumber Company. Appellant's prayer for relief in her complaint requested "* * * compensatory damages which are reasonable * * *."

On July 17, 1989, two days before trial, plaintiff filed a motion for leave to file an amended complaint instanter setting forth a $300,000 prayer for relief. On the morning of trial, the court denied the motion, but stated the recovery could exceed $25,000 to a reasonable amount. After a jury trial, a

verdict for the plaintiff was returned in the sum of $60,000.

On August 14, 1989, defendant filed a timely motion for judgment notwithstanding the verdict, remittitur, or in the alternative, new trial. On September 27, 1989, the court issued its opinion and judgment entry reducing the jury verdict to $25,000.

The court of appeals upheld the trial court's judgment on the ground that plaintiff's "* * * failure to timely amend her pleadings setting forth a specific monetary demand in excess of twenty-five thousand dollars as required by R.C. 2309.01(D), necessarily limits her maximum recovery to twenty-five thousand dollars." (Emphasis sic.)

This cause is now before this court upon the allowance of a motion and cross-motion to certify the record.

### Case Nos. 92-248 and 91-2335

These cases have been consolidated with case No. 91-2001 for purposes of final determination. The facts of these cases are stated infra.

Fadel & Beyer, William D. Beyer and Steven D. Jones, for appellee and cross-appellant in case No. 91-2001.

McNeal, Shick, Archibald & Biro Co., L.P.A., and Charles H. Bragg, for appellant and cross-appellee in case No. 91-2001.

Denmead & Maloney and Craig Denmead, urging invalidity of R.C. 2309.01 for amicus curiae, Patsy E. Cook, in case No. 91-2001.

Hermanies & Major and Ronald D. Major; Casper & Casper and Michael R. Thomas, urging invalidity of R.C. 2309.01 for amicus curiae, Ohio Academy of Trial Lawyers, in case No. 91-2001.

The Okey Law Firm, L.P.A., Eugene P. Okey and Brian R. Wilson, for appellees in case No. 91-2335.

Jacobson, Maynard, Tuschman & Kalur Co., L.P.A., Robert C. Maynard, Joseph A. Farchione, Jr., and Steven J. Hupp; and Fritz Byers, for appellant in case No. 91-2335.

Gardner, Ewing & Souza and C. David Ewing; Hochman & Roach Co., L.P.A., Gary D. Plunkett and James B. Hochman, for appellees in case No. 92-248.

Jacobson, Maynard, Tuschman & Kalur Co., L.P.A., Robert C. Maynard, Gregory C. Gibson, Patrick K. Adkinson and Steven J. Hupp; and Fritz Byers, for appellants in case No. 92-248.

Francis E. Sweeney, Sr., J.

### I

### Rockey v. 84 Lumber Co.

### Case No. 91-2001

We cannot address the issue of the trial court's application of R.C. 2309.01 to this cause without initially addressing the arguments raised by amici curiae that R.C. 2309.01 is invalid and of no force and effect by virtue of Section 5(B), Article IV of the Ohio Constitution, for being in direct conflict with Civ.R. 8(A). For the following reasons, we hold that R.C. 2309.01 is in conflict with Civ.R. 8(A) and is invalid and of no force and effect.

R.C. 2309.01 states, in pertinent part:

"(B)(1) Subject to division (B)(2) of this section, in a complaint filed in a tort action in a court of common pleas, the complainant shall include a demand for judgment for the

relief to which he claims he is entitled, including, if applicable, the amount of any damages sought.

"(2) If the complainant in a tort action in a court of common pleas seeks more than twenty-five thousand dollars in damages, he shall not specify in the demand for judgment for the relief to which he claims he is entitled the amount of the damages sought.

"* * *

"(D) If, in accordance with division (B)(2) of this section, the complainant in a tort action in a court of common pleas has not specified the amount of the damages sought, and whether or not a request was made to that complainant by a party against whom the action is brought pursuant to division (C)(1) of this section, that complainant shall amend the complaint that he filed in the action to specify the amount of the damages sought. The amendment shall occur not later than seven days before the complainant applies for a judgment by default against any party to the action, or not later than seven days before the scheduled date of the trial of the action, whichever is applicable." (Emphasis added.)

R.C. 2309.01(B)(2) prohibits a plaintiff commencing an action from specifying in the complaint the specific amount of monetary damages where the damages sought are in excess of $25,000. This statute is in direct conflict with Civ.R. 8(A).

Civ.R. 8(A) provides:

"Claims for relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

Civ.R. 8(A) requires all complainants to specify in the complaint the actual amount of damages sought. The complainant has the option to later amend the demand for judgment pursuant to Civ.R. 54(C), but plaintiff is not required to do so.

It is obvious that, R.C. 2309.01, which became effective October 20, 1987, as amended January 5, 1988, is in direct conflict with Civ.R. 8(A), since a plaintiff who complies with the mandate of R.C. 2309.01 automatically is in noncompliance with the Civ.R. 8(A) requirement of specifying an actual amount of damages and, thereby, fails to state an actionable cause. See Jemo Associates, Inc. v. Garman (1982), 70 Ohio St.2d 267, 24 O.O.3d 358, 436 N.E.2d 1353.

Furthermore, R.C. 2309.01 also conflicts with Civ.R. 8(A) by placing additional obligations on the plaintiff. Prior to enactment of the statute, plaintiff had the option of filing an amended demand for judgment pursuant to Civ.R. 54(C). However, since plaintiff could specify an actual amount of damages in the original complaint under Civ.R. 8(A), which Civ.R. 8(A) requires plaintiff to do, he did not have to amend the demand for judgment at a later date. With the enactment of R.C. 2309.01, plaintiff is required to amend the complaint in order to state an actionable cause and comply with Civ.R. 8(A). This additional requirement has led to harsh results in that plaintiffs who specify no actual damages in the original complaint, in an attempt to comply with R.C. 2309.01, face a

judgment for zero damages when they do not later comply with the R.C. 2309.01 requirement that they amend the complaint. Regardless of whether these situations are framed as failure to comply with Civ.R. 54(C) or as noncompliance with R.C. 2309.01, they are all glaring examples of the inherent unfairness which results from the R.C. 2309.01 requirement that plaintiff specify no damages in the original complaint when those damages are in excess of twenty-five thousand dollars. In addition, Civ.R. 15(A) which governs amendment of complaints, requires leave of court or written consent of the adverse party to obtain such an amendment after a responsive pleading is served. Thus, if the court in its discretion refused to grant plaintiff leave to amend the complaint and defendant refused consent to grant same, plaintiff would be in noncompliance with R.C. 2309.01. Thus, a clear conflict exists between R.C. 2309.01 and the Civil Rules.

The Civil Rules are the law of this state with regard to practice and procedure in our state courts. Bishop v. Grdina (1985), 20 Ohio St.3d 26, 28, 20 OBR 213, 214, 485 N.E.2d 704, 705-706. The Ohio Rules of Civil Procedure, which were promulgated by the Supreme Court pursuant to Section 5(B), Article IV of the Ohio Constitution,1 must control over subsequently enacted inconsistent statutes purporting to govern procedural matters. See Simon v. St. Elizabeth Med. Ctr. (C.P.1976), 3 O.O.3d 164, 355 N.E.2d 903; Graley v. Satayatham (C.P.1976), 74 O.O.2d 316, 343 N.E.2d 832; See, also, Jacobs v. Shelly & Sands, Inc. (1976), 51 Ohio App.2d 44, 47, 5 O.O.3d 165, 167, 365 N.E.2d 1259, 1262; In re Vickers Children (1983), 14 Ohio App.3d 201, 204, 14 OBR 228, 231, 470 N.E.2d 438, 442. This interpretation is the only one consistent with the original reason for adopting Section 5(B), Article IV of the Ohio Constitution--that of constitutionally granting rule-making power to the Supreme Court. In re Vickers Children, supra.

Thus, since the pleading requirements of R.C. 2309.01 are in conflict with the pleading requirements of Civ.R. 8(A) on a procedural matter, Civ.R. 8(A) prevails. The requirements of R.C. 2309.01 are, therefore, invalid and of no force and effect.

Based on the foregoing, we reverse the judgment of the court of appeals in case No. 91-2001 and reinstate the jury verdict in the amount of $60,000.

## II
## Walsh v. Jagadeesan
## Case No. 91-2335

On January 25, 1989, plaintiffs-appellees, Marcus J. Walsh and James F. Walsh, commenced a medical malpractice action in the Court of Common Pleas of Stark County against defendant-appellant, Singaram Jagadeesan, M.D., requesting "reasonable compensatory damages" and costs. Plaintiffs never amended their complaint.

After a three-day jury trial, but before the jury's deliberation, defendant raised a motion in limine requesting the court to instruct the jury that no monetary damages could be rendered since plaintiffs failed to assert a specific amount of damages as required under R.C. 2309.01(B)(2). The trial court denied the motion and a jury verdict for plaintiffs was rendered in the amount of $2,080,000.

The court of appeals affirmed the judgment, holding that defendant waived her objection to plaintiffs' failure to comply with Civ.R. 54(C) by not raising it at the appropriate time at trial. This cause is now before this court upon the allowance of a motion to certify the record.

Given our determination in Rockey v. 84 Lumber Co., supra, that R.C. 2309.01 is invalid and of no force and effect, we affirm the judgment of the court of appeals in case No. 91-2335 upholding the verdict for plaintiffs in the amount of $2,080,000.

### III
### Copes v. Good Samaritan Hospital
### Case No. 92-248

On March 6, 1990, plaintiffs-appellees, Ardis Copes and Elizabeth Copes, commenced a medical malpractice action against defendants-appellants, Good Samaritan Hospital and Bhimavarapu K. Reddy, M.D., in the Court of Common Pleas of Montgomery County. Plaintiffs did not specify an actual amount of damages in the demand for judgment.

After the jury was drawn and empaneled, defendants raised a motion in limine to preclude the plaintiffs from offering any evidence of damages on the ground that plaintiffs failed to amend their demand for relief at least seven days before trial as required under Civ.R. 54(C).

Plaintiffs moved to dismiss their complaint without prejudice pursuant to Civ.R. 41(A)(2). The trial court granted the motion to dismiss without prejudice. The court of appeals affirmed the trial court's judgment. This cause is now before this court upon the allowance of a motion to certify the record.

Based upon our determination in Rockey v. 84 Lumber Co., supra, that R.C. 2309.01 is invalid and of no force and effect, we affirm the judgment of the court of appeals in case No. 92-248 upholding the trial court's dismissal of plaintiffs' action without prejudice.

Judgment reversed and jury verdict reinstated in case No. 91-2001.

Judgment affirmed in case No. 91-2335.

Judgment affirmed in case No. 92-248.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and Pfeifer, JJ., concur.

Footnote:
1. Section 5(B), Article IV of the Ohio Constitution provides in pertinent part:

"The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. Proposed rules shall be filed by the court, not later than the fifteenth day of January, with the clerk of each house of the general assembly during a regular session thereof, and amendments to any such proposed rules may be so filed not later than the first day of May in that session. Such rules shall

take effect on the following first day of July, unless prior to such day the general assembly adopts a concurrent resolution of disapproval. All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

Pfeifer, J., concurring. I fully agree with the majority opinion. R.C. 2309.01 conflicts with Civ. R. 8(A) and is thus invalid.

Still, R.C. 2309.01 had a worthy purpose, and we should now amend Ohio's Civil Rules to achieve that purpose. The statute sought to limit the impact of sensational demands for damages. The General Assembly was concerned that such demands affect the mindset of potential jurors and can also result in increased insurance rates.

To avoid a continuation of the pitfalls encountered in the present cases, not all the statute's provisions should be included in the amended Civil Rules. There should not be a required two-step process for making a prayer in cases with anticipated damages of over $25,000. A statement in the complaint that monetary damages sought to be recovered exceed $25,000 should be sufficient and should not require subsequent amendment. The amended rules could contain a provision requiring a more specific disclosure of damages sought upon a demand by the defendant.

Moyer, C.J., and A.W. Sweeney, J., concur in the foregoing opinion.