OPINIONS OF THE SUPREME COURT OF OHIO
      The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
      Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
      NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

In re Coy et al.
[Cite as In re Coy (1993),    Ohio St.3d    .]
Juvenile court -- Before trial court may admit a hearsay
      statement by a child pursuant to R.C. 2151.35(F), it must
      consider the four factors set forth in R.C. 2151.35(F) and
      make a determination regarding each on the record.
                           ---
1.    R.C. 2151.35(F) is inconsistent with Article VIII of the
      Ohio Rules of Evidence and, as such, has no force or
      effect.  (Rockey v. 84 Lumber Co. [1993], 66 Ohio St.3d
      221, 611 N.E.2d 789, followed.)
2.    Evid.R. 807 should be used by trial courts in determining
      whether, in abuse cases, an out-of-court statement(s) made
      by a child who, at the time of trial (or hearing), is
      under the age of twelve years is admissible at the trial
      or hearing.
                           ---
      (No. 92-760 -- Submitted March 10, 1993 -- Decided
September 1, 1993.)
      Appeal from the Court of Appeals for Lucas County, No.
L-90-393.
      On June 8, 1990, appellant, Lucas County Children Services
Board ("LCCS"), filed a complaint and motion for a shelter care
hearing.  The complaint alleged that Lindsey Coy (born August
16, 1983), and Laura Coy (born November 5, 1985), were
neglected, dependent and abused children.  This complaint was
filed one day after the Lucas County Juvenile Court issued an
emergency ex parte order granting custody of the children to
LCCS.
      In the complaint, LCCS alleged that appellee, David Coy,
the father of the two minor children, had sexually molested one
of his daughters, even though no medical evidence of abuse had
been found.  The complaint further alleged that as the result
of an automobile accident, the mother of the two girls was in a
nursing home in a comatose state.  It was also alleged that
following the mother's accident, the girls stayed with
relatives until approximately three weeks before the ex parte
order was granted.  They were then returned to the appellee's

home.  The complaint stated that on June 7, 1990, Lindsey Coy told an LCCS caseworker that her father, appellee, had touched her "privates" with his hands and penis.  The relief sought by the complaint was that the juvenile court award temporary custody of the two children to LCCS.

On June 8, 1990, the juvenile court held the shelter care hearing.  Appellee was present with counsel.  The trial court granted LCCS custody of the two girls pending an adjudication review, and ordered that there be no contact between the children and the father.  The court appointed guardians ad litem for the children and for their mother.  On July 31, 1990, the court ordered that the children be placed with relatives, and that the order of no contact between the children and their father continue.

On August 31, 1990, and September 4, 1990, the adjudication hearing was held before a referee.  (The matter had been continued at the request of the father's new counsel.)  A number of witnesses were called by both LCCS and appellee.  The referee admitted into evidence the hearsay statements of Lindsey Coy concerning sexual contact by her father.  Lindsey was six years old at the time she made the statements.  Lindsey had talked to a school social worker who was counseling Lindsey in connection with her mother's accident.  Lindsey's statements to the counselor were, allegedly, completely spontaneous and unsolicited.  The counselor referred the matter to LCCS, and an LCCS sexual abuse investigator and a police detective interviewed Lindsey.  Lindsey made statements to the two investigators and drew a picture of an elongated object which she referred to as her daddy's thing located "down there,"  apparently in the genital area.  Both the LCCS investigator and the police detective were permitted to testify regarding Lindsey's statements.  The detective was also permitted to testify concerning an investigation of an earlier allegation of abuse.  The case had been closed for lack of evidence.

In a report, the referee recommended that the trial court find Lindsey to be an abused and dependent child and that the court find Laura to be a dependent child.  The referee made findings of fact, and also recommended that temporary custody be awarded to LCCS.  Appellee objected to the referee's recommendations and the trial court held a hearing on the written objections.  On November 21, 1990, the trial court overruled appellee's objections and adopted the report and recommendations of the referee.

Upon appeal, the court of appeals reversed and remanded for new adjudicatory and dispositional hearings.  The court of appeals cited R.C. 2151.35(F), which establishes four criteria for the admission of statements by children which would otherwise be excluded by the hearsay rule.  The court of appeals found that there was no showing in the record that the trial court considered the factors set forth in the statute before admitting the hearsay statements at issue.

This cause is now before this court pursuant to the allowance of a motion to certify the record.

Zaner & Cimerman and Lorin J. Zaner, for appellee.
Patricia J. Clark, for appellant Lucas County Children

Services Board.

Cooper, Straub, Walinski & Cramer and Barbara Herring, for appellant guardian ad litem, Susan Eriksen.

Douglas, J.

I

The Issue

This case is about two young female children, one of whom, Lindsey, it is alleged, was sexually abused by the children's father. Appellant, Lucas County Children Services Board, filed a complaint in dependency and abuse. An adjudication hearing was held and eleven witnesses testified. The witnesses included a children services sexual abuse investigator, a police detective and the children's guardian ad litem. These specific witnesses, over objection, were permitted to testify as to Lindsey's statements to them. Lindsey was found to be an abused and dependent child. The father, appellee, appealed and the court of appeals found that the trial court had not complied with the requirements of R.C. 2151.35(F). The court of appeals remanded the case to the trial court for further proceedings and, specifically, for compliance with R.C. 2151.35(F). The court of appeals also made reference to one of its previous cases and to Evid.R. 801(D)(2), and overruled in part that portion of the previous case that had applied Evid.R. 801(D)(2).

Appellant LCCS appeals to this court urging that Evid.R. 801(D)(2) applies and, if it does, R.C. 2151.35(F) has no application. Appellant also urges, seemingly in the alternative, that R.C. 2151.35(F) be given "a liberal construction."

Thus, the issue that is presented is whether the testimony of the three witnesses in question should have been, over proper objection, admitted.

II

Evid.R. 801(D)(2)

Appellant contends that the witnesses' statements were properly admitted because they are not hearsay and, thus, R.C. 2151.35(F) has no application. It is appellant's contention that Lindsey is a "party opponent" to her father and, as such, her statements to third persons may be admitted under Evid.R. 801(D)(2).

Although argued by both parties, we find that Evid.R. 801(D)(2) has no application at all. Appellant says the rule applies because Lindsey is a party opponent. Appellee says it does not apply because Lindsey is not a party opponent.1 Both parties are in error. It makes no difference whether Lindsey is, or is not, a party opponent.

The rule, by its explicit terms, applies to statements offered against a party where the statements are the party's own. Here the statements offered were Lindsey's. They were offered by Lindsey against her father. They were not her own statements being offered against her.

The Staff Note to Evid.R. 801(D)(2)(a) makes this clear. In part, that note provides that Evid.R. 801(D)(2)(a) "* * * covers statements by a party opponent. The statement need not be against the interest of the declarant at the time made. It is sufficient that the statement be that of a party and that it

is offered by the opposing party.  A party may not introduce his own statement under this rule.  * * *"  (Emphasis added.)

Simply put, Evid.R. 801(D)(2) has no application here. Lindsey seeks to introduce her own statements through others. This is classic hearsay and is not admissible unless an exception to the hearsay rule is found.  Accordingly, we find it proper and necessary to put to rest this clear misapplication of Evid.R. 801(D)(2).

## III
## R.C. 2151.35(F)2

Section 5(B), Article IV of the Ohio Constitution provides that "[t]he supreme court shall prescribe rules governing practice and procedure in all courts of the state * * *.  All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect."

Evid.R. 802 provides that "[h]earsay is not admissible except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio."  (Emphasis added.) There cannot be much question that R.C. 2151.35(F) is designed to, in specific cases, allow admission of hearsay statements which are excluded by the hearsay rule (Evid.R. 802) and which are not admissible pursuant to any of the exceptions found in Evid.R. 803, 804 or 805.  While we have great respect for the General Assembly and give great deference to its enactments, such treatment cannot be accorded to R.C. 2151.35(F).  The statute is either one of two things -- it is meaningless because the matter is already covered in Article VIII of the Evidence Rules, or it is unconstitutional as it attempts to change (enlarge) the Evidence Rules as promulgated by this court.  See, generally, State v. Greer (1988), 39 Ohio St.3d 236, 245-246, 530 N.E.2d 382, 395-396, and State v. Boston (1989), 46 Ohio St.3d 108, 115, 545 N.E.2d 1220, 1228, fn. 2.

Given the foregoing, R.C. 2151.35(F) is inconsistent with Article VIII of the Ohio Rules of Evidence and, as such, has no force or effect.  (Rockey v. 84 Lumber Co. [1993], 66 Ohio St.3d 221,    N.E.2d    , followed.)

## IV
## Evid.R. 807

On July 1, 1991, subsequent to the enactment of R.C. 2151.35, Evid.R. 807 became effective.  Evid.R. 807 provides an additional exception to the hearsay rule.  The rule facilitates the use, in abuse cases, under proper constitutional safeguards, of an out-of-court statement(s) made by a child who, at the time of trial (or hearing), is under the age of twelve years.  The rule was adopted in response to this court's entreaty in State v. Boston, supra.  Thus, Evid.R. 807 should be used by trial courts in determining whether, in abuse cases, an out-of-court statement(s) made by a child who, at the time of trial (or hearing), is under the age of twelve years is admissible at the trial or hearing.

## V
## Conclusion

Accordingly, we affirm the judgment of the court of appeals but for different reasons than those given by that

court.  We remand this case to the trial court with instructions to proceed in accordance with the Evidence Rules and to apply, if appropriate, Evid.R. 807.

Judgment affirmed<br>and cause remanded.

Moyer, C.J., A.W. Sweeney, Wright, Smart, F.E. Sweeney and Pfeifer, JJ., concur.

Irene B. Smart, J., of the Fifth Appellate District, sitting for Resnick, J.

FOOTNOTES:

1    To be fair, appellee does say that "* * * the rule requires that the statement, which constitutes an admission of a party-opponent, be offered into evidence by an opposing party."  But, having arrived at the right conclusion, appellee then says, in the very next sentence, that "[t]his is where appellant's argument fails since children are not party-opponents in juvenile dependency proceedings.  * * *" (Emphasis added.)

2    R.C. 2151.35(F) provides:

"In cases regarding abused, neglected, or dependent children, the court may admit any statement of a child that the court determines to be excluded by the hearsay rule if the proponent of the statement informs the adverse party of his intention to offer the statement and of the particulars of the statement, including the name of the declarant, sufficiently in advance of the hearing to provide the party with a fair opportunity to prepare to challenge, respond to, or defend against the statement, and the court determines all of the following:

"(1)  The statement has circumstantial guarantees of trustworthiness;

"(2)  The statement is offered as evidence of a material fact;

"(3)  The statement is more probative on the point for which it is offered than any other evidence that the proponent can procure through reasonable efforts;

"(4)  The general purposes of the evidence rules and the interests of justice will best be served by the admission of the statement into evidence."