The State ex rel. Fowler, Appellant, v. Smith, Judge, et al., Appellees.

[Cite as State ex rel. Fowler v. Smith (1994),     Ohio St.3d    .]

Prohibition to prevent judge from exercising jurisdiction in parentage action -- Writ denied, when.

(No. 92-2611 -- Submitted December 7, 1993 -- Decided February 23, 1994.)

Appeal from the Court of Appeals for Cuyahoga County, No. 63728.

On May 18, 1992, appellant filed a complaint seeking writs of prohibition and mandamus in the Cuyahoga County Court of Appeals. The complaint named appellees, Judge Burke E. Smith, a retired judge sitting by assignment in a pending paternity action in the Cuyahoga County Court of Common Pleas, Juvenile Division, in which appellant had been adjudicated the father of the child at issue, Judge Leodis Harris, in his capacity as Clerk ex officio of the juvenile court, and Cuyahoga County Prosecuting Attorney Stephanie Tubbs Jones, as respondents. Appellant's complaint specifically requested (1) a writ prohibiting Judge Smith from exercising jurisdiction in the paternity case, (2) a writ of mandamus compelling Judge Harris to strike specified judgment entries following a January 16, 1992 stipulation for dismissal which was filed by counsel for all the parties in the paternity proceeding, and (3) a writ of mandamus compelling the county prosecutor to return the $5,000 paid to her office in connection with the stipulation of dismissal.

Appellees filed a motion to dismiss, which was subsequently converted by the court of appeals to a motion for summary judgment. Appellant filed a memorandum in opposition to appellees' motion as well as a cross-motion for summary judgment. The evidence submitted under Civ.R. 56(C) indicates the following essentially uncontroverted facts.

On February 15, 1985, Bobbie Phelps and her child, Arthello Smith (born April 5, 1968), filed a paternity complaint in the Cuyahoga County Court of Common Pleas, Juvenile Division. The complaint alleged that appellant was the father of the child and prayed for an adjudication of the parent-child relationship, child support, etc. The juvenile court granted the motion of the Cuyahoga County Department of Human Services to intervene as an additional plaintiff in the action. The county prosecutor's office represented all of the plaintiffs in the paternity proceeding. Prior to a trial scheduled for December 12, 1991, the parties reached an agreement whereby the plaintiffs would dismiss the case in return for appellant's payment of $5,000. Judge Smith, however, refused to continue the trial in order to effectuate the agreed dismissal, and he proceeded to hear the merits of the paternity action. Appellant's counsel forwarded a check in the amount of $5,000 to the assistant prosecutor and Bobbie Phelps, which was endorsed by them.

On January 16, 1992, the parties filed a stipulation for dismissal, which provided that the paternity complaint was dismissed "pursuant to Civil Rule 41(A)(2)." By entry filed March 24, 1992, Judge Smith declined to recognize the stipulated dismissal because (1) the court had heard evidence and made its oral adjudication, and (2) the dismissal was not in the best interest of the child. On April 10, 1992, Judge Smith filed an entry which adjudicated appellant to be the father of the child and continued the issue of his amount of liability for "past care." Appellant's counsel subsequently advised Judge Smith that the stipulated dismissal was

actually intended to have been pursuant to Civ.R. 41(A)(1)(b) rather than the specified Civ.R. 41(A)(2). Nevertheless, Judge Smith continued to exercise jurisdiction over the paternity proceeding.

On November 23, 1992, the court of appeals issued an opinion and journal entry which granted appellees' motion for summary judgment and overruled appellant's cross-motion for summary judgment. State ex rel. Fowler v. Smith (Nov. 23, 1992), Cuyahoga App. No. 63728, unreported. The court of appeals determined that (1) a writ of prohibition could not issue since R.C. 3111.19 controlled over Civ.R. 41(A); (2) since prohibition could not issue against Judge Smith, appellant was also not entitled to mandamus relief against Judge Harris to compel him to strike all of the journal entries following the stipulation of dismissal; and (3) a writ of mandamus could not issue against appellee Jones to return the $5,000 paid to her office since that issue was pending before Judge Smith in the paternity action and an appeal from any adverse ruling therein would constitute an adequate remedy at law.

This cause is before the court upon an appeal as of right.

Lester S. Potash, for appellant.

Stephanie Tubbs Jones, Cuyahoga County Prosecuting Attorney, and Patrick J. Murphy, Assistant Prosecuting Attorney, for appellees.

Per Curiam. Appellant's first proposition of law asserts that the parties to a parentage action may stipulate the dismissal of the litigation pursuant to Civ.R. 41(A)(1)(b), and appellant's second proposition of law asserts that a stipulation for dismissal, once filed, divests the trial court of jurisdiction in the dismissed matter. Both propositions attack the court of appeals' determination that appellant was not entitled to a writ of prohibition against Judge Smith to prevent him from exercising jurisdiction in the underlying parentage action.

To obtain a writ of prohibition, relator must prove (1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying a writ will result in injury for which no other adequate remedy exists in the ordinary course of law. State ex rel. Semik v. Cuyahoga Cty. Bd. of Elections (1993), 67 Ohio St.3d 334, 336-337, 617 N.E.2d 1120, 1123, at fn. 2. When a court patently and unambiguously lacks jurisdiction to consider a matter, a writ of prohibition will issue to prevent assumption of jurisdiction regardless of whether the lower court has ruled on the question of its jurisdiction. State ex rel. Rice v. McGrath (1991), 62 Ohio St.3d 70, 71, 577 N.E.2d 1100, 1101.

Appellant claims that the January 16, 1992 dismissal, which predated the journalization of the adjudication of paternity, was properly filed pursuant to Civ.R. 41(A)(1)(b) and ended Judge Smith's jurisdiction over the case. Civ.R. 41(A) provides:

"(1) By plaintiff; by stipulation. * * * [A]n action may be dismissed by the plaintiff without order of the court (a) by filing a notice of dismissal at any time before the commencement of trial * * * or (b) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice * * *.

"(2) By order of court. Except as provided in subsection (1)

an action shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper."

Appellant initially claims that the stipulated dismissal was pursuant to Civ.R. 41(A)(1)(b), which does not require court approval, although the filed stipulation expressly stated that it was "pursuant to Civil Rule 41(A)(2)," which requires court approval prior to dismissal. Judge Smith noted in his journal entry which "overruled" the stipulated dismissal that it was based on Civ.R. 41(A)(2). Under the invited-error doctrine, a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make. Center Ridge Ganley, Inc. v. Stinn (1987), 31 Ohio St.3d 310, 313, 31 OBR 587, 590, 511 N.E.2d 106, 109. Since any error in the court's not honoring the particular dismissal provision being relied upon by appellant was induced by his own assent to the wording of the stipulation of dismissal, he arguably cannot now claim in an extraordinary writ case that it was actually a Civ.R. 41(A)(1)(b) dismissal.

However, the juvenile court has never entered a final order in the paternity action - - apparently the issue of past child support remains pending - - and Civ.R. 41(A)(1)(b) allows a dismissal by stipulation at any time before final judgment is rendered. McCormac, Ohio Civil Rules Practice (2 Ed.1992) 354, Section 13.05. Therefore, appellant apprised the trial court of the parties' actual basis for dismissal in a timely fashion, i.e., prior to its entry of final judgment in the paternity action. Under these circumstances, and emphasizing the court of appeals' nonreliance on the invited-error doctrine, we find that appellant timely asserted and did not waive a right to dismiss under Civ.R. 41(A)(1)(b). Civ.R. 1(C)(7) provides that the Rules of Civil Procedure shall not apply to special statutory proceedings to the extent that they would by their nature be clearly inapplicable. Proceedings in the juvenile division, including parentage actions, are special statutory proceedings pursuant to Civ.R. 1(C)(7). See, e.g., DeSalvo v. Sukalski (1983), 8 Ohio App.3d 337, 8 OBR 448, 457 N.E.2d 349; Abbott v. Potter (Feb. 20, 1992), Jackson App. No. 663, unreported; 4 Harper, Anderson's Ohio Civil Practice (1987) 57, Section 147.04(g) (proceedings in the juvenile division are the least amenable to coverage by the Civil Rules). Therefore, the Rules of Civil Procedure apply except to the extent they would be clearly inapplicable.

Parentage actions are "governed by the Rules of Civil Procedure unless a different procedure is specifically provided by" R.C. 3111.01 to 3111.19. R.C. 3111.08(A); Baldwin's Ohio Domestic Relations Law (1992) 55, Section T 3.04(C). R.C. 3111.19 allows parties to a parentage action to enter a compromise agreement, but only under specified circumstances. See Nelson v. Pleasant (1991), 73 Ohio App.3d 479, 483, 597 N.E.2d 1137, 1139, fn. 4. It provided:

"After an action has been brought and before judgment, the alleged father and mother may, subject to approval of the court, compromise the action by an agreement in which the parent and child relationship is not determined but in which a specific economic obligation is undertaken by the alleged parent in favor of the child. In reviewing the obligation undertaken by the alleged parent, the court shall consider the interest of the child, the factors set forth in division (E) of section 3113 of the Revised Code [now R.C. 3113.215(B)(3)], and the probability of establishing

the existence of a parent and child relationship in a trial."
(Emphasis added.)  Am. Sub. H.B. No. 245, 139 Ohio Laws, Part I,
2170, 2190.

Appellant relies on James v. Elward (Jan. 22, 1991), Ross App.
No. 1630, unreported, in support of his contention that R.C. 3111.19
does not prevent the parties from stipulating to dismissal of the
parentage action pursuant to Civ.R. 41(A)(1)(b).  However, the James
court failed to consider the interplay between Civ.R. 1(C)(7), R.C.
3111.08(A), Civ.R. 41(A)(1)(b) and R.C. 3111.19.  Conversely, the
court of appeals in this case and the Stark County Court of Appeals
in Davidson v. Dawkins (Apr. 13, 1987), Stark App. No. CA-7057,
unreported, both recognized that voluntary dismissal under Civ.R.
41(A) does not apply to parentage actions in light of R.C. 3111.19.
In the cogent rationale of the Cuyahoga County Court of Appeals in
the case at bar, "[s]ince the paternity statutes specifically
require a judgment regarding the existence or nonexistence of the
father-child relationship unless a compromise is reached between the
mother and the alleged father with approval of the court prior to a
judgment, the different procedure, according to R.C. 3111.08(A),
supersedes the voluntary dismissal provisions of Civ.R. 41(A)."
This is the more logical conclusion.1

Accordingly, since R.C. 3111.19 supersedes Civ.R. 41(A) here,
Judge Smith retained jurisdiction over the parentage proceeding.
Therefore, because Judge Smith's exercise of jurisdiction was
authorized by law, i.e., R.C. 3111.19, the court of appeals properly
dismissed the prohibition action.

Appellant's third proposition of law asserts that where the
trial court, without jurisdiction or authority to do so, enters
orders affecting former litigants' rights, a writ of mandamus will
issue to the clerk of court to strike or remove such orders from the
court records.  This relates to appellant's mandamus claim against
Judge Harris in his capacity as ex officio clerk of the juvenile
division.  However, as appellant admits in his brief on appeal, if
he is not entitled to a writ of prohibition against Judge Smith, he
is not entitled to a writ of mandamus against Judge Harris.
Therefore, because the court of appeals correctly denied the
prohibition claim, the court also correctly denied appellant's
mandamus action against Judge Harris.  Finally, although appellant's
complaint below included a mandamus claim against the county
prosecutor, he fails to assert in his propositions of law that the
court of appeals erred in denying that claim.

Accordingly, for the foregoing reasons, the judgment of the
court of appeals denying appellant's complaint for writs of
prohibition and mandamus is affirmed.

                                        Judgment affirmed.
Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E.
Sweeney and Pfeifer, JJ., concur.


FOOTNOTE
1    Appellant does not assert any issue under Rockey v. 84 Lumber
Co. (1993), 66 Ohio St.3d 221, 611 N.E.2d 789.  See, e.g., paragraph
two of the syllabus (Civil Rules control over subsequently enacted
inconsistent statutes purporting to govern procedural matters).
Although R.C. 3111.19 was enacted after the Civil Rules were
adopted, there is no conflict because "procedural statutes governing
special statutory proceedings remain effective if a court, pursuant
to Civ. R. 1(C), determines that particular Civil Rules are 'clearly

inapplicable.'"  Harper, supra, at 59, Section 147.05.