DIPRIMA, Appellee and Cross–Appellant,

v.

A.W. TAVERN, INC. et al., Appellants and Cross–Appellees.*

[Cite as *Diprima v. A.W. Tavern, Inc.* (1994), 96 Ohio App.3d 470.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 65289.

Decided Aug. 23, 1994.

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1994), 70 Ohio St.3d 1467, 640 N.E.2d 529.

*Paul Mancino, Jr.,* for appellee and cross-appellant.

*John Marksz* and *Richard G. Lillie,* for appellants and cross-appellees.

HARPER, Judge.

Appellants and cross-appellees, A.W. Tavern, Inc. and Wayne Trotman, appeal from the dismissal of their counterclaim against appellee and cross-appellant, Charles Diprima. Diprima cross-appeals from the same court's decision. For the reasons that follow, the judgment is affirmed in part and the appeal is *sua sponte* dismissed in part.

## I

On May 6, 1991, Diprima filed a complaint for damages against A.W. Tavern for losses sustained in a rental agreement between Tavern and Angela Diprima (deceased), the mother of Charles Diprima.

On July 11, 1991, appellants answered and counterclaimed against Diprima for violation of their right to a peaceful and quiet enjoyment possession of the rental premises because appellee failed to maintain the premises, the act of which resulted in the city of Cleveland's condemnation of the building. Neither party prayed for any specific amount in damages.

On January 13, 1992, Diprima's complaint was dismissed for failure to comply with court order, specifically for Diprima's failure to answer interrogatories after he was ordered by the court to answer.

On February 26, 1993, appellants' complaint was also dismissed with prejudice for failure to pray for a specific amount of damages pursuant to Civ.R. 54(C).

## II

Charles Diprima files the following assignment of error for our review:

"The court committed prejudicial error in dismissing the complaint of the plaintiff with prejudice."

Diprima, in his sole assignment of error, argues that the trial court erred in dismissing his complaint for failure to answer interrogatories. Diprima argues that the court's action was drastic.

■ We must begin by correcting the error in Diprima's appellate procedure. Diprima was the plaintiff below whose complaint was dismissed. Appellants' counterclaim is a separate and independent action from Diprima's. Diprima is required to file a separate notice of appeal as an independent action and argue it as such and not label his appeal as a cross-appeal.[1] See App.R. 3(C)(1).

■ Diprima's mistake notwithstanding, *sua sponte*, Diprima's appeal is dismissed for lack of jurisdiction. See App.R. 4(A) and App.R. 4(B)(5). Diprima's appeal is untimely.

### III

A.W. Tavern files the following errors for review:

"I. The dismissal of appellants' causes of action for failure to amend their demands is reversible error.

"II. The trial court erred in dismissing the case below *with prejudice*.

"III. The trial court erred in dismissing the case below prior to the presentation of evidence." (Emphasis added.)

Appellants' three assignments of error touch upon one issue and will be treated together.

■ This appeal calls for us to resolve whether the trial court properly dismissed appellants' complaint with prejudice in light of the Ohio Supreme Court's ruling in *Rockey v. 84 Lumber Co.* (1993), 66 Ohio St.3d 221, 611 N.E.2d 789. In *Rockey v. 84 Lumber Co., supra,* the Ohio Supreme Court held that the provisions in R.C. 2309.01 which require that a party in a tort action not specify the amount of damages at the time of the complaint are in conflict with Civ.R. 5(A) and, therefore, are invalid and of no force and effect. R.C. 2309.01 is applicable only to tort actions and not to all actions before the court.

■ It is our opinion that the trial court properly dismissed appellants' complaint because *Rockey v. 84 Lumber Co., supra,* is not dispositive of this case. Appellants' argument would have been viable if this case were a tort action. It is an action in contract and is governed by Civ.R. 8(A) and 54(C). Diprima filed a complaint alleging a breach of the lease agreement. Appellants counterclaimed,

---

1. The decision to consolidate the two appeals should then be made after the notices of the two appeals have been received.

alleging a breach of quiet enjoyment, among other breaches. There is nothing in appellants' claims that sounded in tort that would invoke the application of the pleading requirements of the defunct R.C. 2309.01.

Appellants' argument regarding their compliance with R.C. 2309.01 is a pretext to get a favorable review as such argument is inconsistent with their trial argument, and we are not persuaded. The following colloquy took place between the court and counsel:

"[MR. MANCINO:] Your Honor, further, for our motion to dismiss, I will draw the Court's attention to the prayer in both the defendant's cross-claim and also complaint of the defendant, Wayne Trotman, as intervenor in this case, your Honor.

"I would also draw the Court's attention to Rule 54(C). They have not asked for any money damages. Even if they were entitled to a judgment in this case, the judgment would have to be zero amount of money, your Honor. And on the basis of that, we would ask this Court to dismiss the complaint at this time.

"THE COURT: How do you reply to the prayer? That's what concerns me. I looked at these prayers, no money. [*Sic.*]

"MR. LILLIE: Your Honor, relative to the prayer, under 54(C), it has been our position, previously, it's been our position all along, and it's been set forth in earlier pleadings that, among other things, that this is a case of equitable nature, and that, among other things, the Court must first find that the lease was, in fact, ratified. And then, as a result of that, damages can be established by virtue of an expert.

"THE COURT: But you to have [*sic*] set forth what you want. It doesn't say how much. I just dismissed a case on this same question. I don't have an option here. All the law is in here. I have a brief here with Supreme Court cases; Ann McManaman's [*sic, McManamon's*] decision here about two years ago, that says if you don't have an amount, it's no cause of action at all. And you have to amend seven days before, under Rule 54 that he brought up. There has to be an amendment if you file like this and do not have an amount. The amendment must be filed seven days before the trial, stating forth how much money you want. Otherwise, you get zero. Ann McManaman [*sic*] says there's no cause of action at all."

Nowhere in the transcript did appellants mention R.C. 2309.01 as a reason for not filing a monetary demand. Quite to the contrary, appellants argued before the trial court that they could not specify the amount of damages until the court determined the legality of the lease and the expert could then determine the amount of damages. We are not aware of any rule of law or practice that leaves the prayer for damages to be determined by an expert. Thus, a counterclaim

which states a claim but fails to allege any actual damages is inconsistent with the pleading requirements of Civ.R. 54(C) and 8(A) and could be properly dismissed for failure to state an actionable claim as the only damages recoverable are zero. See *Jemo Assoc., Inc. v. Garman* (1982), 70 Ohio St.2d 267, 24 O.O.3d 358, 436 N.E.2d 1353.

We do not consider the trial court's dismissal with prejudice as an abuse of discretion. The trial court could have waited until after trial and then awarded a zero amount to appellants since Civ.R. 54(C) limits judgment to the amount demanded in the complaint. *Blosser v. Carter* (1990), 67 Ohio App.3d 215, 586 N.E.2d 253. Appellants had failed to state an actionable cause. *Jemo, supra;* Civ.R. 8(A). The dismissal with prejudice carries the same effect as a zero judgment; it prevents a refiling of the action.

Appellants' assignments of error are overruled.

The judgment of the trial court is affirmed. The appeal is dismissed in part and affirmed in part.

*Judgment accordingly.*

NAHRA, C.J., and NUGENT, J., concur.