DECISION
Plaintiff-appellant, Robert O. Hayden, pro se, appeals the judgment of the Ohio Court of Claims granting summary judgment in favor of defendant-appellee, Ohio Department of Rehabilitation and Correction.
On September 15, 1997, appellant, an inmate at the Chillicothe Correctional Institution, filed a complaint against appellee in the Ohio Court of Claims. Appellant alleged that he had been attacked and injured by another inmate by the name of Sprecker. Appellant brought a claim for negligence, alleging that appellee knew or should have known of Sprecker's propensity for assaulting other inmates, were aware that Sprecker had attacked other inmates, and yet allowed Sprecker to return to the general prison population. Appellant also brought a claim for medical malpractice, alleging that his prison doctor failed to adequately treat appellant's injuries after the attack and that, as a result of this failure, appellant's right hand is deformed. Appellant sought damages in the amount of $120,000.
On December 9, 1998, appellee filed a motion for summary judgment on both of appellant's claims. Appellant did not respond to appellee's motion. On March 16, 1999, the trial court granted appellee's motion. In so doing, the trial court ruled that appellee was entitled to summary judgment on the negligence claim because appellant failed to present evidence that appellee had notice that appellant was in imminent risk of harm but failed to protect him. The trial court also ruled that appellee was entitled to summary judgment on the medical malpractice claim because appellant failed to file a certificate of merit as required under R.C. 2305.011.
Appellant appealed, raising the following single assignment of error:
 THE COURT OF CLAIMS ABUSED IT'S [sic] DISCRETION WHEN IT GRANTED SUMMARY JUDGMENT TO CLAIM (1) OF PLAINTIFF'S CLAIM AND DISMISSED CLAIM (2) FOR FAILURE TO COMPLY WITH § 2305.011(A) A CERTIFICATE OF MERIT.
In his single assignment of error, appellant challenges the trial court's decision granting summary judgment in favor of appellee. While we find that the trial court properly granted summary judgment on appellant's negligence claim, we also find that the trial court erred in granting summary judgment on appellant's medical malpractice claim for failure to file a certificate of merit as required under R.C. 2305.011.
Summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. Civ.R. 56(C);Tokles Son, Inc. v. Midwestern Indemn. Co. (1992), 65 Ohio St.3d 621,629, citing Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 65-66. Appellate review of summary judgment is de novo. Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588; Midwest Specialties, Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8.
"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280,292. Once the moving party meets its initial burden, the nonmovant must then set forth specific facts showing that there is a genuine issue for trial. Id.
As noted by the trial court, in order to maintain his negligence claim based upon appellee's failure to protect him from his assailant, appellant must present evidence showing that appellee had notice that the attack was impending. Mitchell v.Ohio Dept. of Rehab. Corr. (1995), 107 Ohio App.3d 231, 235. ("Where, as here, one inmate intentionally attacks another inmate, actionable negligence may arise only where there was adequate notice of an impending attack.") Here, appellant failed to present any such evidence in response to appellee's motion for summary judgment. As such, the trial court correctly granted summary judgment for appellee on the negligence claim.
The same cannot be said, however, for the trial court's resolution of appellant's medical malpractice claim. As noted above, the trial court granted summary judgment on the sole ground that appellant failed to file a certificate of merit as required under R.C. 2305.011, which provides as follows:
 (A) In an action upon a medical, dental, optometric, chiropractic, or malpractice claim as defined or described in section 2305.11 of the Revised Code, within ninety days after the later of the filing of a responsive pleading to the complaint or the full compliance by a defendant in all material respects with written discovery requests to that defendant for an examination of or the copying of the medical, dental, optometric, or chiropractic records of the plaintiff that have not been determined by the court to not be discoverable by the claimant or the claimant's attorney, the plaintiff shall file with the court a certificate of merit as described in division (B) of this section.
 (B) The certificate of merit required for purposes of division (A) of this section for an action against a particular defendant shall contain one of the following sworn statements:
 (1) A sworn statement of the plaintiff or the plaintiff's attorney that the plaintiff or the plaintiff's attorney reviewed the facts, relevant documents, records, and other materials with a reviewing individual, that the reviewing individual rendered an opinion that there is a reasonable basis for the action against that defendant, and that the reviewing individual is willing to testify as to the opinion.
 (2) A sworn statement of the plaintiff or the plaintiff's attorney that the plaintiff intends to rely solely upon a theory of liability that does not require the submission into evidence of any expert opinion to establish a prima-facie case.
 (C) As used in this section, "reviewing individual" means an individual upon whom the plaintiff intends to rely as a competent expert by virtue of the individual's training, licensure, or profession and who can render an admissible opinion as to the subject matter of the claim.
The Ohio Supreme Court recently ruled, however, that R.C. 2305.011(A) is an unconstitutional violation of Section 5(B), Article IV, of the Ohio Constitution and Civ.R. 11 promulgated thereunder. State ex rel. Ohio Academy of Trial Lawyers v.Sheward (1999), 86 Ohio St.3d 451, 478-479; see, also, Rockey v.84 Lumber Co. (1993), 66 Ohio St.3d 221, paragraph two of the syllabus ("The Ohio Rules of Civil Procedure, which were promulgated by the Supreme Court pursuant to Section 5(B), ArticleIV of the Ohio Constitution, must control over subsequently enacted inconsistent statutes purporting to govern procedural matters.") In general, the Ohio Rules of Civil Procedure, including Civ.R. 11, apply to actions in the Court of Claims. See C.C.R. 1(A). As such, the trial court erred in granting summary judgment on the sole ground that appellant failed to comply with the requirements of R.C. 2305.011(A).
For the foregoing reasons, appellant's single assignment of error is overruled in part and sustained in part. Accordingly, the judgment of the Ohio Court of Claims is affirmed in part, reversed in part, and remanded for further proceedings consistent with this decision.
Judgment affirmed in part, reversed in part; remandedfor further proceedings.
PETREE and BOWMAN, JJ., concur.