{¶ 55} I concur with the majority's conclusion, but do so on the basis that Crim.R. 11(B)(2) conflicts with R.C. 4517.33 and therefore, Crim.R. 11(B)(2) controls over the statute in question. Thus, the board cannot accept appellee's conviction, in the Canton Municipal Court, which is based upon a no contest plea since Crim.R. 11(B)(2) prohibits the use of such evidence.
 {¶ 56} In a case addressing a conflict between the Ohio Rules of Civil Procedure and a state statute, the Ohio Supreme Court held:
 {¶ 57} "2. The Ohio Rules of Civil Procedure, which were promulgated by the Supreme Court pursuant to Section 5(B), Article IV of the Ohio Constitution, must control over subsequently enacted inconsistent statutes purporting to govern procedural matters." Rockey v. 84 Lumber Co.,66 Ohio St.3d 221, paragraph two of the syllabus, 1993-Ohio-174.
 {¶ 58} I find the issue in the case sub judice analogous to the issue decided in the Rockey case. The Ohio Supreme Court promulgated Crim.R. 11(B)(2) prior to the General Assembly's enactment of R.C. 4517.33. Therefore, since the subsequently enacted inconsistent statute conflicts with the rule, R.C.4517.33 is invalid and of no force and effect as applied to the facts currently before the Court.