DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants Judith A. Kukla, John Kukla, and Kirsti Chait appeal from the Medina County Court of Common Pleas, which ruled in favor of Appellees Field Energy Services, Inc., Jeremy Simcox, and Dennis Jungbluth. This Court affirms.
 I. {¶ 2} Ms. Kukla was driving on a public road at approximately 50 mph, with Ms. Chait in the car. Meanwhile, Mr. Simcox was dragging some large pipes across the road with a backhoe when the pipes broke loose and scattered on the road. Ms. Kukla came upon these pipes, swerved to avoid them, and flipped the car. Appellants Ms. Kukla and Ms. Chait were injured.
 {¶ 3} Appellants sued. Appellees denied liability and asserted comparative negligence. The case proceeded to a trial, with its attendant conflicting testimony and expert evidence. A jury found for Appellees, concluding that they were not liable. Appellants appealed, asserting three assignments of error.
 II. First Assignment of Error
"THE TRIAL COURT ERRED IN FAILING TO GIVE JURY INSTRUCTIONS ON COMPARATIVE NEGLIGENCE."
 {¶ 4} Appellants concede that they did not request a jury instruction on comparative negligence, but assert that because R.C. 2315.19(B) mandates such an instruction, the trial court erred in failing to give it and, due to that error, the judgment must be vacated and a new trial ordered. This Court disagrees.
 {¶ 5} "On appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection." Civ.R. 51(A). See, also, Schade v. Carnegie BodyCo. (1982), 70 Ohio St.2d 207, paragraph one of the syllabus. In the present case, Appellants admit that they did not object to the trial court's failure to give a comparative negligence instruction. Therefore, on its face, this assignment of error lacks merit.
 {¶ 6} Appellants argue that R.C. 2315.19(B)'s mandatory language (i.e., the use of the word "shall") imposes on the trial court an unavoidable duty[1] to give the jury a comparative negligence instruction, so the failure to request an instruction and the limitation set out by Civ.R. 51 are immaterial. Appellants are incorrect in this presumption. In fact, Civ.R. 51 supersedes the statute. See Civ.R. 51, Staff Notes to the 2005 Amendments ("The Modern Courts Amendment, art. IV, § 5(B), of the Ohio Constitution, provides that `[a]ll laws in conflict with [valid Civil Rules] shall be of no further force or effect after such rules have taken effect.'" (Edits in original.)). See, also,Rockey v. 84 Lumber Co. (1993), 66 Ohio St.3d 221, 224-25 ("The Ohio Rules of Civil Procedure, which were promulgated by the Supreme Court pursuant to Section 5(B), Article IV of the Ohio Constitution, must control over subsequently enacted inconsistent statutes purporting to govern procedural matters."). This assignment of error is overruled.
 Second Assignment of Error 
"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ALLOWING DR. UHRICH'S VIDEOTAPE TO BE PRESENTED TO THE JURY."
 {¶ 7} Appellants allege that the trial court erred by admitting a videotape reenactment of the accident, because the reenactment was so dissimilar to the actual circumstances that it necessarily confused and misled the jury. Appellants argue that the weather was different (i.e., shadows and visibility), the time of year was different (i.e., angle of the sun), and the driver was aware of the obstruction before beginning the reenactment (i.e., unsurprised). Appellants conclude that these differences rendered the videotaped reenactment inadmissible and prejudicial, so as to warrant a new trial. This Court disagrees.
 {¶ 8} "[I]t is within the sound discretion of the trial judge to admit or reject evidence of experiments and, absent an abuse of discretion, reviewing courts will not interfere with that decision." Vogel v. Wells (1991), 57 Ohio St.3d 91, 95, citingSt. Paul Fire Marine Ins. Co. v. Baltimore Ohio RR. (1935),129 Ohio St. 401, at paragraph two of the syllabus. An abuse of discretion is more than an error of law or judgment, but instead, it is a finding that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 9} "It is settled that experiments such as this reconstruction must be performed under conditions substantially similar to the occurrence in issue. However, dissimilarities, when not so marked as to confuse and mislead the jury, go to the weight rather than the admissibility of the evidence." (Edits omitted.) Vogel, 57 Ohio St.3d at 94, citing St. Paul Fire Marine, 129 Ohio St. at paragraph one of the syllabus. The present dissimilarities, even as alleged by Appellants, are not so inescapably confusing or misleading as to make the entire reenactment dissimilar. Instead, these alleged dissimilarities go to the credibility (weight) of the reenactment, which Appellants could have challenged through cross examination or contradictory evidence. See Vogel, 57 Ohio St.3d at 95. We conclude that the trial court acted within its discretion. This assignment of error is overruled.
 Third Assignment of Error 
"THE JUDGMENT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 10} Appellants allege that the verdict was against the manifest weight of the evidence. An appellant bears the burden of affirmatively demonstrating an error on appeal and substantiating arguments in support. State ex rel. Montgomery v. Gold, 10th Dist. Nos. 04AP-863 04AP-873, 2006-Ohio-943, ¶ 51-52, citingState ex rel. Fulton v. Halliday (1944), 142 Ohio St. 548. "[F]ailure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." Kremerv. Cox (1996), 114 Ohio App.3d 41, 60.
 {¶ 11} App.R. 16(A)(7) requires an appellant to cite to the "parts of the record on which appellant relies." In the present appeal, Appellants failed to include any citations to the record as support for this assignment of error. As such, Appellants failed to provide evidence to support this assignment of error, and this Court is not obligated to search it out. See Prince v.Jordan, 9th Dist. No. 04CA008423, 2004-Ohio-7184, at ¶ 40. This Court may disregard an argument if an appellant fails to identify the relevant portions of the record on which the error is based. App.R. 12(A)(2). This assignment of error is overruled.
 III. {¶ 12} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J., Whitmore, J., concur.
[1] Appellants cite Marshall v. Gibson (1985),19 Ohio St.3d 10, and McCrystal v. Trumbull Memorial Hospital (1996),115 Ohio App.3d 73, as support for their position. However, Appellants' reliance is misplaced. In each of these two cases, unlike the present case, a party objected to the trial court's failure to give the instruction. Therefore, neither case involved Civ.R. 51 and neither analysis is on point with the present issue.