**SPITLER, Appellant,**

**v.**

**K AND C SERVICE STATION MAINTENANCE COMPANY, INC., Appellee, et al.**

[Cite as *Spitler v. K & C Service Station Maintenance Co.* (1993), 90 Ohio App.3d 49.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–594.

Decided Aug. 24, 1993.

*Abraham Law Offices* and *Rick J. Abraham,* for appellant.

*Roetzel & Andress* and *Bradley L. Snyder,* for appellee K and C Service Station Maintenance Company, Inc.

*Isaac, Brant, Ledman & Becker* and *Charles E. Brant,* for D & D Retreading, Inc.

*Earl, Warburton, Adams & Davis* and *Dick M. Warburton,* for Long Mile Rubber Company, Inc.

BOWMAN, Judge.

In April 1992, appellant, Benjamin L. Spitler, filed a complaint against his employer, appellee K and C Service Station Maintenance Company, Inc., as well as D & D Retreading, Inc., Oliver Rubber Company and Long Mile Rubber Company, Inc.[1] Appellant alleged that, while he was working in an excavation, a cave-in occurred, causing him serious injury. Appellant alleged the cave-in was the result of :

" * * * the intentional acts of the Defendants in as much as the Defendants failed to meet all legally required safety measures in this excavation as a cost saving device and thus the Defendants knew that injury to the Plaintiff was a certainty or was substantially certain to result from the employer's acts and despite this knowledge, the Defendants still proceeded."

Appellee filed a motion to dismiss pursuant to Civ.R. 12(B)(6) on the basis that the complaint failed to state a claim upon which relief could be granted. Appellee contended that it was in full compliance with Ohio workers' compensation laws and, pursuant to R.C. 4123.74, was immune from suits based on negligent, nonintentional torts. Appellee also sought dismissal for the reason that the complaint failed to set forth sufficient facts to state a claim for relief based on an intentional tort as required by *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 532 N.E.2d 753. In response, appellant filed a motion to amend his

---

1. Summary judgment was granted to D & D Retreading, Inc., Oliver Rubber Company and Long Mile Rubber Company, Inc. No appeal has been taken from these decisions.

complaint and tendered a proposed amended complaint to more fully set forth a claim for intentional tort.

Inasmuch as appellee's Civ.R. 12(B)(6) motion had attached an affidavit setting forth its compliance with the workers' compensation laws and, thus, presented matters outside the pleadings, the court converted the motion to a motion for summary judgment, gave appellant notice and set a date for a nonoral hearing. When appellant failed to respond, the trial court granted summary judgment to appellee and dismissed all of appellant's complaints founded on negligence. As to appellee's claim of an intentional tort, the trial court found both the original and proposed amended complaint failed to meet the requirements of *Mitchell* and did little more than allege conclusions unsupported by any facts. Appellant sets forth the following assignment of error:

"The trial court erred in sustaining defendant-appellee's motion to dismiss for failure to state a claim upon which relief can be granted because plaintiff-appellant's allegations, when presumed true, set forth a sufficient claim for intentional tort by an employee against an employer for injuries sustained in the workplace."

In his proposed amended complaint, appellant alleged he was working an excavation that measured twenty-eight by thirty feet by fourteen feet deep and was spreading gravel as the foundation for fuel storage tanks. He further alleges that the digging occurred in an area that had been previously backfilled and that the walls continued to slough off until a cave-in occurred, trapping appellant and causing him serious injury. Appellant alleged that appellee failed to meet required safety regulations, although he does not specify what regulations were not met, and that appellee failed to protect the employees from loose rock or soil, failed to inspect the area and failed to provide appropriate means of egress.

In *Mitchell,* the court held, at the syllabus:

"A claim of intentional tort against an employer will be dismissed as failing to establish that the pleader is entitled to relief unless the complaint alleges facts showing that the employer: (1) specifically desired to injure the employee; or (2) knew that injury to an employee was certain or substantially certain to result from the employer's act and, despite this knowledge, still proceeded. (*Van Fossen v. Babcock & Wilcox Co.* [1988], 36 Ohio St.3d 100, 522 N.E.2d 489; *Pariseau v. Wedge Products, Inc.* [1988], 36 Ohio St.3d 124, 522 N.E.2d 511; and *Kunkler v. Goodyear Tire & Rubber Co.* [1988], 36 Ohio St.3d 135, 522 N.E.2d 477, construed.)"

In *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, the requisite intent and definition of "substantial certainty" for an intentional tort was set forth in paragraphs five and six of the syllabus:

"5. Within the purview of Section 8(A) of the Restatement of the Law 2d, Torts, and Section 8 of Prosser & Keeton on Torts (5 Ed.1984), in order to establish 'intent' for the purpose of proving the existence of an intentional tort committed by an employer against his employee, the following must be demonstrated: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty and not just a high risk; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.

"6. To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. Where the risk is great and the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk—something short of substantial certainty—is not intent. (*Blankenship v. Cincinnati Milacron Chemicals, Inc.* [1982], 69 Ohio St.2d 608, 23 O.O.3d 504, 433 N.E.2d 572; and *Jones v. VIP Development Co.* [1984], 15 Ohio St.3d 90, 15 OBR 246, 472 N.E.2d 1046, explained.)"

In *Mitchell,* the employee was killed during a robbery of the store where she worked. The decedent's estate filed a claim for intentional tort against Lawson Milk Company based on the failure of Lawson to provide employee training in dealing with violent situations and failure to equip the stores with security devices. In reaching its conclusion that the complaint was insufficient to set forth a claim for an intentional tort, the court assumed the convenience store was located in a high-crime area. In finding that the facts, as set forth in the complaint, failed to state a claim for intentional tort, the court stated in 40 Ohio St.3d at 193, 532 N.E.2d at 756:

"Unsupported *conclusions* that appellant committed an intentional tort are not taken as admitted by a motion to dismiss and are not sufficient to withstand such a motion. * * * This principle is important in resolving claims of intentional tort against an employer. Virtually every injury in the workplace can be made the basis for a claim of intentional tort if the unsupported conclusion that the employer intended to injure the employee is allowed to prevail over factual

allegations which preclude the possibility of intentional tort. We do not serve the interest of employees, employers or the administration of justice in the already over-docketed courts of Ohio if we permit claims to go forward which, on the face of the pleading, have no chance of success." (Emphasis *sic.*)

Here, appellant in his proposed amended complaint has set forth general allegations as to the failure of the appellee to provide certain safety measures, some of which are clearly not applicable to the facts of this case, such as exposing employees to fall hazards while riding on a backhoe; using a fiberglass ladder, exposing employees to the hazards of falling; failing to develop a written plan as to how construction code criteria will be met; failing to provide safety information on hazardous chemicals; failing to provide ladders with side rails; and using the top of a stepladder as a step. The remaining allegations, in general terms, set forth some considerations as to safety at an excavation site, such as failing to provide a means of egress, or failing to provide protection from loose rock, or failing to conduct daily inspections; however, none of these allegations if proven at trial would show a cave-in was substantially certain to occur and the employer knew the cave-in was substantially certain to occur but, nonetheless, required the employees to continue to work under such conditions.

While it is noted by the court in *Mitchell* that cases such as this, in some instances, might be better disposed of by a motion for summary judgment rather than a motion pursuant to Civ.R. 12(B)(6), we find the facts as alleged in this complaint do not support a claim of "intentional tort" as such is defined in *Van Fossen* or *Blankenship v. Cincinnati Milacron Chemicals, Inc.* (1982), 69 Ohio St.2d 608, 23 O.O.3d 504, 433 N.E.2d 572.

For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

JOHN C. YOUNG, J., concurs.

TYACK, J., dissents.

TYACK, Judge, dissenting.

Since I believe that the complaint and amended complaint set forth a claim for relief, I dissent.

I note initially that the validity of the pleading requirements of *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 532 N.E.2d 753, is open to serious question in light of the recent Supreme Court of Ohio opinion in *Rockey v. 84 Lumber Co.* (1993), 66 Ohio St.3d 221, 611 N.E.2d 789. The *Mitchell* case was

decided in response to legislative enactments limiting suit for intentional torts. *Rockey,* at paragraph two of the syllabus, indicated:

"The Ohio Rules of Civil Procedure, which were promulgated by the Supreme Court pursuant to Section 5(B), Article IV of the Ohio Constitution, must control over subsequently enacted inconsistent statutes purporting to govern procedural matters."

If the Rules of Civil Procedure take precedence over statute, then the detailed pleading requirements of *Mitchell* no longer are necessary to accommodate the legislative enactments involving intentional torts. Further, Civ.R. 9 has not been amended to make a claim of intentional tort one of the claims which require special pleading, so the *Mitchell* requirements are in tension with the Rules of Civil Procedure.

Even if the detailed pleading requirements of *Mitchell* are still in effect, I believe that the complaints here sufficiently allege a claim for relief. I believe that sending a worker into a deep excavation which is already experiencing sloughing of the walls is to place the worker in a situation which makes at least some injury substantially certain. Therefore, I would sustain the assignment of error and remand the case for further proceedings.