Carey **MIZWAY**, Plaintiff,

v.

**R.M. CLARK CO., et al., Defendants.**

**No. 3:01CV7531.**

United States District Court,
N.D. Ohio,
Western Division.

Jan. 29, 2002.

Bradford D. Zelasko, Jeffries, Kube, Forrest & Monteleone, Cleveland, OH, for Plaintiff.

Ralph D. Russo, Betts, Miller & Russo, Findlay, OH, James A. Comodeca, Dinsmore & Shohl, Cincinnati, OH, for Defendants.

## ORDER

CARR, District Judge.

This is a diversity case in which defendant R.M. Clark has filed a motion to dismiss plaintiff's first amended complaint due to failure to state a claim. Plaintiff filed his first amended complaint pursuant to leave of court granted at the case management conference, defendant having filed a motion to dismiss the original complaint on the same grounds.

The amended complaint alleges that defendant committed an intentional tort when it removed a safety guard from a rotating saw, and, despite the danger thereby created, required plaintiff to operate the machine. These allegations, defendant contends, fail to show why removal of the safety guard caused the injury or why defendant would be reasonably certain that such removal would cause injury.

In *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 532 N.E.2d 753 (1988) (syllabus), the Ohio Supreme Court stated that:

A claim of intentional tort against an employer will be dismissed as failing to establish that the pleader is entitled to relief unless the complaint alleges facts showing that the employer: (1) specifically desired to injure the employee; or (2) knew that injury to an employee was certain or substantially certain to result from the employer's act and, despite this knowledge, still proceeded.

The court in *Mitchell* emphasized the need to plead facts, rather than conclusions, in a complaint alleging an employer's intentional tort:

Unsupported conclusions that appellant committed an intentional tort are not taken as admitted by a motion to dismiss and are not sufficient to withstand such a motion.... This principle is important in resolving claims of intentional tort against an employer. Virtually every injury in the workplace can be made the basis for a claim of intentional tort if the unsupported conclusion that the employer intended to injure the employee is allowed to prevail over factual allegations which preclude the possibility of intentional tort. We do not serve the interest of employees, employers or the administration of justice in the already over-docketed courts of Ohio if we permit claims to go forward which, on the face of the pleading, have no chance of success.

40 Ohio St.3d at 192, 532 N.E.2d 753.

I disagree with defendant that the allegations in the amended complaint fail to plead specific facts as required by *Mitchell*. Deliberate removal of a safety device intended to avoid injury to or amputation of a finger, and thereafter requiring the employee to expose his hands to an unguarded rotating saw suffices, in my view, to state basic facts with specificity.

Cases upholding motions to dismiss on the basis that the factual allegations were insufficient under *Mitchell* are distinguishable. *See Bridges v. National Eng'g &*

*Contracting Co.*, 49 Ohio St.3d 108, 111, 551 N.E.2d 163 (1990) (mere and conclusory allegations that employees were required to perform an operation (washing barrels) in an "extremely dangerous environment"); *Spitler v. K & C Serv. Station Maint. Co.*, 90 Ohio App.3d 49, 52–53, 627 N.E.2d 1073 (1993) (allegations of safety violations included reference to violations that could have had nothing to do with plaintiff's injury); *Debona v. Buehler Food Mkts., Inc.*, No. 00CA0085, 2001 WL 651521, at *3 (Ohio App. June 13, 2001) (plaintiff merely alleged that defendant maintained a stove and hot butter splashed on him from the stove); *Isaac v. Crownover Lumber Co., Inc.*, No. 470, 1992 WL 50042, at *4 (Ohio Ct.App. Mar. 16, 1992) (no allegation of why lack of electrical power created a dangerous condition); *Huston v. Morris*, No. 90AP–1009, 1991 WL 35001, at *3 (Ohio Ct.App. Mar. 12, 1991) (employer's mere notice of prior incidents insufficient).

Although plaintiff may not (and, indeed, as a practical matter, cannot) know at this point the employer's precise intent, a jury could infer from the facts alleged that the employer "knew that injury to an employee was certain or substantially certain to result from" the conditions that the employer created. No more is necessary at this stage of the proceeding.

It is, therefore

ORDERED THAT defendant's motion to dismiss be, and the same hereby is, overruled.

So ordered.