[Cite as *Logossou v. Advancepierre Foods, Inc.*, 2019-Ohio-363.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

KOSSI LOGOSSOU,                           :          APPEAL NO. C-170672
                                                     TRIAL NO. A-1703513
    Plaintiff-Appellant,            :

  vs.                                     :
                                                     *O P I N I O N.*
ADVANCEPIERRE FOODS, INC.,                :


ASCENT SAFETY SERVICES, LLC,              :

  and                                     :

MATRIX CLAIMS MANAGEMENT,                 :
INC.,

    Defendants-Appellees.           :


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal: February 6, 2019


*Marc D. Mezibov* and *Brian J. Butler*, for Plaintiff-Appellant,

*Frost Brown Todd LLC*, *James D. Schoeny* and *Jeffrey N. Lindemann*, for
Defendant-Appellee AdvancePierre Foods, Inc.,

*Wood & Lamping, LLP* and *Andre Kaake,* for Defendants-Appellees Ascent
Safety Services, LLC, and Matrix Claims Management, Inc.

**DETERS, Judge.**

{¶1} Plaintiff-appellant Kossi Logossou appeals the trial court's judgment, dismissing pursuant to Civ.R. 12(B)(6), his employer-intentional-tort claim against defendant-appellee AdvancePierre Foods, Inc., ("AdvancePierre") and his negligent-inspection claim against defendants-appellees Ascent Safety Services, LLC, ("Ascent") and Matrix Claims Management, Inc. ("Matrix").

{¶2} After reviewing the record and the law, we conclude that Logossou pleaded sufficient facts to state a negligent-inspection claim against Ascent and Matrix and a claim for an intentional tort against AdvancePierre. We, therefore, reverse the trial court's judgment and remand the matter to the trial court for further proceedings consistent with this opinion and the law.

## *Background*

{¶3} On August 26, 2015, Logossou, an employee at AdvancePierre, was using his hands to remove meat from the blades of a mixing machine when a co-worker activated the power to the machine causing severe injury to his hand. Logossou filed a complaint against AdvancePierre and Ascent. He asserted negligence and employer-intentional-tort claims against AdvancePierre and a negligent-inspection claim against Ascent. AdvancePierre filed a Civ.R. 12(B)(6) motion to dismiss the claims against it. Logossou then filed an amended complaint. He restated his negligence and employer-intentional-tort claims against AdvancePierre and his negligent-inspection claim against Ascent, and he added Matrix as an additional defendant related to his negligent-inspection claim against Ascent. All three defendants moved pursuant to Civ.R. 12(B)(6) to dismiss the claims against them.

{¶4} The trial court dismissed Logossou's negligence and intentional-tort claims against AdvancePierre. It dismissed his negligence claim on the basis that R.C. 4123.74, Ohio's workers' compensation statute, provided him with the exclusive remedy for his alleged injuries. It additionally found that Logossou had failed to assert sufficient facts to meet the heightened pleading requirements to set forth an intentional-tort claim under R.C. 2745.01 and *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 532 N.E.2d 753 (1998), and its progeny. The trial court also dismissed Logossou's negligent-inspection claim against Ascent and Matrix for failure to state a claim based on his failure to allege facts establishing that they owed a duty to Loggosou.

### Assignments of Error

{¶5} In two assignments of error, Logossou contends the trial court erred by dismissing his amended complaint for failing to state a claim for negligent inspection against Ascent and Matrix and a claim for an intentional tort against AdvancePierre.

### Standard of Review

{¶6} We review de novo a decision granting a motion to dismiss under Civ.R. 12(B)(6). *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. In conducting this review, we accept as true all factual allegations in the complaint. *Id.* "[T]hose allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor." *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, 956 N.E.2d 814, ¶ 12. To grant the motion, "it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle

3

the plaintiff to the relief sought." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144, 573 N.E.2d 1063 (1991).

{¶7}    The Ohio Supreme Court has established a heightened pleading standard for employer-intentional-tort claims. *Byrd v. Faber*, 57 Ohio St.3d 56, 60, 565 N.E.2d 584 (1991). To survive a Civ.R. 12(B)(6) motion to dismiss, a plaintiff bringing an intentional-tort claim against an employer must allege facts supporting the claim with particularity. *Id.* at 60-61; *Mitchell*, 40 Ohio St.3d at 193, 532 N.E.2d 753.

### *Negligent-Inspection Claim*

{¶8}    In his first assignment of error, Logossou argues the trial court erred by dismissing his amended complaint when he had pleaded sufficient facts against Ascent and Matrix to state a claim for negligent inspection.

{¶9}    We initially note that in their motion to dismiss and their appellate brief Ascent and Matrix argue that the heightened fact-pleading standard in *Mitchell* and *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 544 N.E.2d 639 (1989), applies to Logossou's negligent-inspection claim. But a negligent-inspection claim does not fall within this exception to the general rule of notice pleading, so the heightened fact-pleading premise underlying Ascent and Matrix's motion is incorrect. *See State ex rel. Jones v. City of Athens*, 4th Dist. Athens No. 16CA15, 2017-Ohio-7370, ¶ 50. Consequently, we analyze his negligent-inspection claim under the notice-pleading standard. *Compare Bugg v. Am. Std. Inc.*, 8th Dist. Cuyahoga No. 84829, 2005-Ohio-2613 (applying the heightened standard of review set forth in *Mitchell* and *Capots* to dismiss a negligent-inspection claim).

4

{¶10}   In his amended complaint, Logossou alleged that AdvancePierre was responsible for equipment operation, safety, and maintenance.   Ascent and Matrix had contracted with AdvancePierre to inspect the machines in its Cincinnati facility, including the mixing machine. One month prior to Logossou's accident, Ascent and Matrix had inspected the guarding on the mixer and had advised AdvancePierre that it complied with relevant safety regulations.

{¶11}   Logossou further alleged that Ascent and Matrix owed him a duty of care because it was foreseeable that he would be injured if Ascent and Matrix did not properly inspect the mixer and ensure it complied with all applicable safety standards and regulations, including the appropriate guarding.   Ascent and Matrix failed to ensure the mixer was safe and that it complied with all safety standards and regulations, including the appropriate guarding, and as a direct and proximate result, he was severely injured, requiring amputation of three fingers.

{¶12}   Logossou's negligent-inspection claim against Ascent and Matrix is premised on 2 Restatement of the Law 2d, Torts, Section 324A (1965), "Liability to Third Person for Negligent Performance of Undertaking," which provides, in pertinent part:

> One who undertakes gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking,  * * *  (b)

5

he has undertaken to perform a duty owed by the other to the third person * * *.

{¶13} Here, the facts as pleaded in his complaint and the reasonable inferences drawn therefrom are sufficient to state a claim for relief under 2 Restatement, Section 324(A)(b). *Stevens v. Jeffrey Allen Corp.*, 131 Ohio App.3d 298, 304, 722 N.E.2d 533 (1st Dist.1997); *Root v. Stahl Scott Fetzer Co.*, 2017-Ohio-8398, 88 N.E.3d 980, ¶ 35 (8th Dist.). Therefore, we sustain the first assignment of error.

### *Intentional-Tort Claim*

{¶14} In his second assignment of error, Logossou contends the trial court erred by dismissing for failure to state a claim the intentional-tort claim in his amended complaint.

{¶15} In order to state a viable intentional-tort claim, a plaintiff must allege with particularity that the employer committed the tortious act with a deliberate intent to injure or a belief that injury was substantially certain to occur. R.C. 2745.01(A); *Mitchell*, 40 Ohio St.3d at 193, 532 N.E.2d 753. The Ohio Supreme Court has explained that because R.C. 2745.01(B) equates substantially certain with deliberate intent to injure, the two options of proof become one and the same. *See Cincinnati Ins. Co. v. DTJ Ents., Inc.* (*In re Hoyle*), 143 Ohio St.3d 197, 2015-Ohio-843, 36 N.E.3d 122, ¶ 10. Thus, R.C. 2745.01(A) and (B) permit recovery for employer intentional torts only when an employer acts with specific or deliberate intent to injure. *Id.*

{¶16} And where a plaintiff sufficiently alleges that the employer deliberately removed an equipment safety guard under R.C. 2745.01(C), there is a rebuttable presumption of employer intent. *Id.* at ¶ 12. " '[D]eliberate

removal' of an equipment safety guard occurs when an employer makes a deliberate decision to lift, push aside, take off, or otherwise eliminate that guard" from the machine. *Hewitt v. L.E. Myers Co.*, 134 Ohio St.3d 199, 2012-Ohio-5317, 981 N.E.2d 795, syllabus.

{¶17} Logossou contends that the allegations in his amended complaint are sufficient under the heightened pleading standard articulated in *Mitchell* and its progeny to set forth an intentional tort. We agree.

{¶18} Logossou has pleaded sufficient facts to set forth a claim for an intentional tort under R.C. 2745.01(C). In his amended complaint, Logossou alleged, in pertinent part:

> 7. AdvancePierre had actual knowledge that point of operation guards were required by federal regulations. Specifically, 29 U.S.C. § 1910.212(a)(1) provides: "One or more methods of machine guarding shall be provided to protect the operator and other employees in the machine area from hazards such as those created by point of operation, ingoing nip points, rotating parts, flying chips and sparks. Examples of guarding methods are barrier guards, two-hand tripping devices, electronic safety devices, etc."

> 8. AdvancePierre had actual knowledge that barrier guards preventing body parts from coming into contact with the rotating blades and safety sensors preventing operation of the machine if loading buckets are not properly in place would prevent accidental entry into the point of operation.

9. Based on knowledge of industry standards and applicable regulations, AdvancePierre had actual knowledge that the line 1 mixer was not equipped with the guards described above, and that operating the mixer without such guards was substantially certain to result in injury and/or amputation to the operator of the mixer.

10. Notwithstanding this knowledge, Defendant AdvancePierre knowingly and deliberately removed the guards described above from the mixer and failed to ensure that the mixer was equipped with the guards above as required by law.

11. Despite knowledge that operators of the mixer were substantially certain to be injured if required to operate the mixer from which guards had been deliberately removed, AdvancePierre required Plaintiff to operate the mixer and intentionally exposed him to the known hazardous condition. Specifically, AdvancePierre required Plaintiff to manually remove the last of the product from the mixer, as he was trained and instructed. To do so, he placed his hand into the operating area of the machine where the blades were located. Because AdvancePierre knowingly removed the guards described above, Plaintiff was able to reach into the area of the machine in which the blades rotated while the machine was energized and capable of operation. While Plaintiff was doing so, and without Plaintiff's knowledge, a coworker turned the machine on, causing severe injury to Plaintiff's hand, including the amputation of three

8

fingers. Had the machine contained the appropriate guarding, as required by law, Plaintiff would have been protected from the hazard that resulted in the amputation.

{¶19} Because Logossou's complaint states a factual basis for the assertion that an equipment safety guard was deliberately removed from the mixing machine by AdvancePierre, it is sufficient to satisfy the heightened pleading standard under *Mitchell. See Mizway v. Clark*, 183 F.Supp.2d 1003, 1004 (N.D.Ohio 2002) (holding that facts showing the "deliberate removal of a safety device intended to avoid injury" satisfied the heightened pleading standard for an employer-intentional-tort claim); *Compare Downey v. Reich Installation Servs., Inc.*, N.D.Ohio No. 3:09CV263, 2009 WL 2922262, *2 (Sept. 8, 2009) (holding that the employee failed to state a claim for an intentional tort where he "failed to allege any facts that the employer had actually violated the regulations or removed a safety device").

{¶20} As a result, the trial court erred by granting AdvancePierre's motion to dismiss the claim pursuant to Civ.R. 12(B)(6). We, therefore, sustain the second assignment of error.

### Conclusion

{¶21} Having sustained both assignments of error, we reverse the judgment of the trial court and remand the matter for further proceedings in accordance with this opinion and the law.

Judgment reversed and cause remanded.

**MOCK, P.J.,** and **ZAYAS, J.,** concur.

Please note:

The court has recorded its own entry this date.

9